```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF ALABAMA
                  NORTHERN DIVISION
```

| | |
|---|---|
| DAVID LEE WILLIAMS, ) | |
| #186 904, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:14-CV-514-MEF |
| ) | [WO] |
| KIM TOBIAS THOMAS, *et al.*, ) | |
| ) | |
|     Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 20, 2014, the court entered an order granting Plaintiff seventeen days to file an amended complaint. *See Doc. No. 5*. Plaintiff was cautioned that his failure to comply with the court's June 20 order would result in a Recommendation that his complaint be dismissed. *Id.* The requisite time has passed and Plaintiff has not complied with the order of the court. Consequently, the court concludes that dismissal of this case is appropriate for Plaintiff's failures to prosecute this action and comply with the order of the court.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action and comply with the order of this court.

It is further

ORDERED that on or before **August 5, 2014**,. Plaintiff may file an objection to the Recommendation Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general

objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar Plaintiff from a *de novo* determination by the District Court of issues covered in the report and shall bar Plaintiff from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 22nd day of July 2014.

    /s/   Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE